UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON D. FREEMAN,

    Plaintiff,

  v.

STATE OF CALIFORNIA
SAN QUENTIN STATE PRISON,

    Defendant.

No. C 07-2729 SI (pr)

**ORDER OF DISMISSAL**

    Brandon D. Freeman, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. He alleged in his complaint that, since his incarceration, he had not been receiving any of the medications that he had been taking for several years before his incarceration. His complaint is now before the court for initial review under 28 U.S.C. § 1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A prisoner must exhaust administrative remedies before filing a civil rights action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

The complaint plainly shows that Freeman did not exhaust his administrative remedies before filing this action. Freeman checked the box on the form complaint indicating that he had not filed an inmate grievance. Complaint, p. 1. In the portion of the form complaint that asks the plaintiff to explain why he did not present his claim for review through the grievance procedure, Freeman wrote: "because I had already spoke to a psych regarding my situation – and I thought it would be taken from there." Complaint, p. 2. Freeman conceded that he had not started, let alone completed, the inmate appeal process and his explanation for why he had not done so does not show that he falls within any exception to the exhaustion requirement.

This action therefore is dismissed without prejudice to plaintiff filing a new action after he exhausts his administrative remedies for his claim. The in forma pauperis application is DENIED. (Docket # 2.) No fee is due. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 14, 2007

_____
SUSAN ILLSTON
United States District Judge

2